## HORNE-ANDREWS COMMISSION COMPANY *v.* GEORGIA RAILROAD COMPANY.

Where the agent of a railroad company at a wayside station was also the agent of the owner of guano for the purpose of its distribution among customers, and as such was in possession of the property, which he had stored in a building situated on the right of way of the railroad company, but owned by another company, and which was separated from the railroad warehouse, the direction of the owner to such agent to ship the guano to it and the making of a requisition by him on the proper official of the railroad company for a car, did not alone constitute a delivery to the carrier for transportation, so as to render it liable for the destruction by fire of the guano before the arrival of the car; and this is true, although the agent testified, that, had the car arrived, it would have been placed in front of the house where the guano was, for the purpose of being loaded, and that the witness would have had it loaded at the expense of the owner.

MARCH 15, 1911.

Complaint for damages. Before Judge Lewis. Baldwin superior court. January 13, 1910.

*Hines & Vinson,* for plaintiff.

*Joseph B. & Bryan Cumming* and *Allen & Pottle,* for defendant.

LUMPKIN, J. A company shipped several car-loads of guano to a small station on the line of a railroad, for delivery to its customers. It employed the person who was the agent of the railroad company to deliver the guano to customers, at a certain amount per ton. To save demurrage, this agent stored the guano in a house located on the right of way of the railroad company, but belonging to another company, and which was situated some twenty feet distant from the warehouse of the railroad company. He delivered some of it, and had a lot remaining. On one occasion, being in the city where the company's place of business was located, not on railroad business, he submitted a statement to such company. He was directed to ship back to the company the amount remaining on hand. He returned to the station and made a requisition on the proper agent of the railroad company for a car, but it did not arrive. An officer of the company owning the guano called him by telephone several times, but was informed that the railroad company had furnished no car. The guano remained where it was stored, and no bill of lading was issued. The agent testified, among other things, that his duty as railroad agent generally was to look after the shipping there, sell tickets, and perform other acts. He also stated, that if the car had come in the ordi-

nary course of events, the guano would have been loaded into it; that "the owner unloads car-loads of freight; if the car had come, it would have been placed opposite the cotton-oil company house, and would have hired a negro to put it in there; his services would have been charged to the Horne-Andrews Commission Company; this is the common custom so far as I know." There was no conflict as to these matters. In this condition of affairs the guano was destroyed by fire. The owner sued the railroad company, alleging that the guano had been delivered to the carrier for transportation, and was destroyed while in the possession of such carrier, and not delivered.

The evidence, which is briefly summarized above, showed that there had been no complete delivery, actual or constructive, to the carrier for transportation, and that the exclusive possession had not passed to it. Nor had it treated the property as delivered to it. *Wilson* v. *Atlanta & Charlotte Railway Co.*, 82 *Ga.* 386 (9 S. E. 1076). The instruction of the plaintiff to its own agent to ship the property, though he was the same person who was agent for the carrier, did not alone constitute a delivery to the carrier; nor did the requisition for a car, without more, accomplish that result. The facts do not bring the case within the rulings made in *Georgia Southern & Florida Ry. Co.* v. *Marchman*, 121 *Ga.* 235 (48 S. E. 961); *Atlantic & Birmingham Ry. Co.* v. *Howard Supply Co.*, 125 *Ga.* 478 (54 S. E. 530); *Southern Express Co.* v. *Newby*, 36 *Ga.* 635 (91 Am. D. 783); *Savannah, Florida & Western Ry. Co.* v. *Steininger & Co.*, 84 *Ga.* 579 (11 S. E. 236).

A verdict was properly directed for the defendant.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*